**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**ANTONY MONTERO,**
Plaintiff,
v.

**CITY OF NEW YORK, et al.,**
Defendants.

**COMPLAINT (JURY TRIAL DEMANDED)**

## I. NATURE OF THE ACTION

1. This is an action for **disability discrimination, failure to accommodate, retaliation, and defamation** arising from Plaintiff's employment with the New York City Office of Labor Relations.
2. Plaintiff, a limited permit mental health counselor, was:
   o required to perform clinical work under **unlawful and unsafe conditions**,
   o subjected to **unauthorized disclosure of confidential medical information**,
   o granted a **reasonable accommodation**, and
   o **Terminated days later under pretextual and false grounds**.
3. Defendants later **published a knowingly false statement of "misconduct"** to the New York State Department of Labor, causing financial and reputational harm.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under:
   o 28 U.S.C. § 1331 (federal question)
   o 42 U.S.C. § 12101 et seq. (ADA)
5. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for state and city claims.
6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## III. PARTIES

7. Plaintiff **Antony Montero** is a resident of Bronx County, New York.
8. Defendant **City of New York** is a municipal entity and employer.

9. Defendants **Lisa Jones, Shaneka McKellar, Claire Cammarata, Waltra Montgomery**, and others:
   o acted under color of law
   o exercised supervisory and managerial authority over Plaintiff

## IV. FACTUAL ALLEGATIONS

### A. Unlawful Clinical Assignment / Licensure Violations

10. Plaintiff was hired as a mental health counselor under a limited permit framework.
11. Defendants required Plaintiff to:

- perform clinical duties
- interact with patients
- prior to proper licensure clearance and supervision

12. Plaintiff reported:

- unlicensed clinical activity
- unsafe and unethical practices

13. Plaintiff was instructed by a supervisor:

Not to "tattle tale" regarding such violations.

### B. Disability and Medical Disclosure

14. Plaintiff suffered a medical condition requiring accommodation.
15. On or about January 29, 2025, Plaintiff submitted medical documentation.
16. That documentation included:

- treatment needs
- medications affecting cognition

17. Defendants:

- disclosed this confidential medical information
- to individuals not involved in the accommodation process

18. This disclosure violated ADA confidentiality requirements.

19. Following the disclosure, Defendants:

- began scrutinizing Plaintiff's cognitive performance
- Attributed disability-related symptoms to "performance issues."

## C. Reasonable Accommodation and Temporal Proximity

20. On or about February 3, 2025, Plaintiff was granted a reasonable accommodation:

- remote work
- five days per week

21. Within days of:

- requesting and receiving accommodation
- raising compliance concerns

Plaintiff was terminated.

## D. Pretextual Termination

22. At the time of termination:

- Defendants provided **no cause**.

23. Subsequently:

- Defendants reported "misconduct" to the Department of Labor.

24. This shift from:

- "no reason" → "misconduct"

This is evidence of a pretext.

## E. Defamation and Economic Harm

25. Defendants published the statement of "misconduct" to a third party (DOL).
26. The statement was:

- false
- known to be false

27. Plaintiff suffered:

- denial/delay of unemployment benefits
- financial harm
- reputational damage

## V. CAUSES OF ACTION

## COUNT I – ADA DISCRIMINATION

(42 U.S.C. § 12112)

28. Plaintiff is a qualified individual with a disability.
29. Defendants:

- subjected Plaintiff to adverse action
- because of disability

30. Defendants treated disability-related limitations as misconduct.

## COUNT II – ADA FAILURE TO ACCOMMODATE

31. Plaintiff requested and was granted accommodation.
32. Defendants:

- failed to meaningfully implement it
- undermined it through adverse action

33. Termination shortly after accommodation constitutes failure.

## COUNT III – ADA RETALIATION

34. Plaintiff engaged in protected activity:

- requesting accommodation

- reporting unlawful conduct

35. Defendants took adverse action (termination).
36. Temporal proximity establishes causal inference.


## COUNT IV – NYSHRL / NYCHRL DISCRIMINATION & RETALIATION

37. Defendants violated:

- N.Y. Exec. Law § 296
- N.Y.C. Admin Code § 8-107

38. Under NYCHRL's liberal standard:

- discriminatory motive need only be a contributing factor


## COUNT V – DEFAMATION

39. Defendants made a false statement:

- "misconduct"

40. Statement was published to DOL.
41. Statement was made with actual malice:

- knowledge of falsity
- or reckless disregard

42. Plaintiff suffered economic and reputational harm.


## VI. DAMAGES

43. Plaintiff seeks:

- Back pay
- Front pay
- Compensatory damages
- Emotional distress damages
- Reputational damages
- Punitive damages

- Attorney's fees and costs

## VII. JURY DEMAND

44. Plaintiff demands trial by jury.

Respectfully Submitted,

*Antony Montero*

Antony Montero

*March 30, 2026*