USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONY MONTERO,

Plaintiff,

-against-

CITY OF NEW YORK; HUMAN RESOURCES DIRECTOR LISA JONES; EQUAL EMPLOYMENT OFFICER SHANIKA MCKELLAR; COMMISSIONER R. CAMPION; PROGRAM DIRECTOR CLAIRE CAMMARATA OR CAMMARTA; AND PLAINTIFF'S DIRECT SUPERVISOR WALTRA MONTGOMERY; AND JOHN/JANE DOE OLR EMPLOYMENT, EEO, HR, AND SUPERVISORY OFFICIALS,

Defendants.

26-CV-2667 (MMG)

ORDER OF SERVICE

MARGARET M. GARNETT, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action alleging that Defendants violated his rights under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and city and state law.[1] By order dated April 11, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

[1] Plaintiff filed the original complaint in this action on March 31, 2026. Dkt. No. 1. On July 1, 2026, Plaintiff filed an amended complaint. Dkt. No. 5. The amended complaint is the operative pleading.

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).[2] The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (emphasis in original).

## DISCUSSION

### A. ADA Claims

A plaintiff must file an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") and receive a Notice of Right to Sue before filing an ADA claim in federal court. *See* 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a); *Montero v. City of New York*, No. 25-CV-02482 (JLR) (HJR) (S.D.N.Y. Mar. 30, 2026) (dismissing ADA claim without prejudice for lack of exhaustion). Claims that are not exhausted must be dismissed without prejudice. *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 560 F.3d 118, 124 (2d Cir. 2009) (holding that "a dismissal for failure to exhaust available administrative remedies should be 'without prejudice' as we have previously ruled").

Plaintiff does not allege that he exhausted his ADA claims before he filed this action. According, the ADA claims are dismissed without prejudice to refiling if Plaintiff can show that he exhausted his ADA claims before he filed this complaint. 28 U.S.C. § 1915(e)(2)(B)(ii).

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

### B. Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants City of New York, Lisa Jones, Shaneka McKellar, R. Campion, Claire Cammarta, and Waltra Montgomery through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's ADA claims without prejudice for lack of exhaustion. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

The Clerk of Court is directed to issue summonses for Defendants City of New York, Lisa Jones, Shaneka McKellar, R. Campion, Claire Cammarta, and Waltra Montgomery, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

Plaintiff may receive court documents by email by completing the form, Consent to Electronic Service.[4]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 17, 2026
New York, New York

MARGARET M. GARNETT
United States District Judge

[4] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

## SERVICE ADDRESS FOR EACH DEFENDANT

1. The City of New York
   100 Church Street
   New York, NY 10007

2. Lisa Jones, HR Director
   Office of Labor Relations
   22 Cortlandt Street
   New York, NY 10007

3. Shaneka McKellar, EEO Officer
   Office of Labor Relations
   22 Cortlandt Street
   New York, NY 10007

4. Commissioner R. Campion
   Office of Labor Relations
   22 Cortlandt Street
   New York, NY 10007

5. Claire Cammarta, Director
   Office of Labor Relations
   22 Cortlandt Street
   New York, NY 10007

6. Waltra Montgomery, Director
   Office of Labor Relations
   22 Cortlandt Street
   New York, NY 10007